## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| FLOYD CARTER, | ) | |
| | ) | Case No. |
| | ) | |
| Plaintiff, | ) | JUDGE |
| | ) | |
| v. | ) | Magistrate |
| | ) | |
| The City of Chicago, Illinois, a municipal corporation, | ) | |
| Chicago Police Officer RANDY AGUILAR (#6781) | ) | |
| and Officer MARY COSTELLO (#11838), | ) | Jury Trial Demanded |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF FLOYD CARTER'S COMPLAINT

NOW COMES Plaintiff FLOYD CARTER (hereinafter referred to as "Plaintiff"), by and

through his attorney, JULIAN JOHNSON, THE LAW OFFICE OF JULIAN JOHNSON, LLC,

for Plaintiff's Complaint and Jury Demand against Defendant Chicago Officer RANDY AGUILAR

(#6781), MARY COSTELLO (#11838), and the CITY OF CHICAGO Illinois, a municipal

corporation, states as follows:

### JURISDICTION & VENUE

1. This action is brought pursuant to 42 U.S.C. §1983 to redress the deprivation under color of

law of Plaintiff's rights as secured by the United States Constitution.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §1331 and §1367.

3. Venue is proper under 28 U.S.C. §1391(b). The events giving rise to the claims asserted in

this Complaint occurred within this district.

### PARTIES

4. Plaintiff, FLOYD CARTER, is a resident of Chicago, Illinois.

1

5.   At all relevant times Defendants RANDY AGUILAR and MARY COSTELLO were Chicago Police Officers, employed by Defendant CITY OF CHICAGO, acting under color of law and within the course and scope of their employment.

6.   Defendant CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and at the time of the incident in this case, was the employer and principal of Defendants AGUILAR and COSTELLO. Should Plaintiff prevail on his claims, Defendant CITY OF CHICAGO must indemnify Defendants AGUILAR and COSTELLO on Plaintiff's claims pursuant to 735 ILCS 10/9-102.

**FACTS**

7.   On August 21, 2019, Plaintiff was walking in the 9400 block of South Ashland with a bicycle.

8.   Plaintiff was not breaking any laws by walking on the sidewalk.

9.   Plaintiff boarded a Chicago Transit Authority bus with the bicycle.

10.  Defendants AGUILAR and COSTELLO stopped the bus and boarded it.

11.  Defendants AGUILAR and COSTELLO ordered Plaintiff to exit the bus.

12.  Defendants AGUILAR and COSTELLO detained and questioned Plaintiff about the bicycle.

13.  Defendant Aguilar and Costello demanded that Plaintiff explain where he got the bicycle.

14.  At the time Plaintiff was detained, Defendants AGUILLAR and COSTELLO possessed no information that a bicycle had been stolen or that Plaintiff was wanted for a crime.

15.  Plaintiff explained that the bicycle was his.

16.  Despite having no information that theft of a bicycle had occurred, Defendants AGUILAR and COSTELLO handcuffed Plaintiff and arrested him for theft of the bicycle and possession of burglary tools.

2

17. Plaintiff was transported to the police station.

18. At the time Plaintiff was placed into handcuffs and transported to the police station, Defendants AGUILAR and COSTELLO possessed no information or evidence that Plaintiff had stolen anything or been involved in a burglary.

19. On October 16, 2019, the criminal charges against Plaintiff were terminated in Plaintiff's favor.

20. Plaintiff suffered damages as a result of this incident.

## COUNT I
### (42 U.S.C. § 1983 – Unlawful Seizure and Detention)
### Against Defendants Aguilar and Costello

21. Each of the foregoing paragraphs is incorporated as if fully restated herein.

22. As described in the above paragraphs, Defendants AGUILAR and COSTELLO unlawfully seized and detained Plaintiff, thus violating his rights under the Fourth Amendment of the United States Constitution and 42 U.S.C. Section 1983.

23. Said actions of Defendants AGUILAR and COSTELLO were intentional and committed with reckless disregard for Plaintiff's rights.

24. As a direct and proximate consequence of Defendants AGUILAR and COSTELLO'S conduct, Plaintiff suffered damages which will be proven at trial.

**WHEREFORE,** Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, attorneys' fees, costs, and such other relief that this Court deems equitable and just.

## COUNT II
### (42 U.S.C. § 1983 – False Arrest)
### Against Defendants Aguilar and Costello

25. Each of the foregoing paragraphs is incorporated as if fully restated herein.

26. Defendants COSTELLO and AGUILAR arrested Plaintiff without probable cause.

3

27. Defendants COSTELLO and AGUILAR undertook this misconduct intentionally and violated Plaintiff's Fourth Amendment rights.

28. As a result of the misconduct described in this Count, Plaintiff suffered loss of liberty and other damages, which will be proven at trial.

**WHEREFORE,** Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, attorneys' fees, costs, and such other relief that this Court deems equitable and just.

## COUNT III
### (Illinois State Law – Malicious Prosecution)
### Against Defendants Aguilar, Costello and the City of Chicago

29. Each of the foregoing paragraphs is incorporated as if fully restated herein.

30. Defendants AGUILAR, COSTELLO and the CITY OF CHICAGO, through its employees and agents, caused criminal proceedings to be initiated against Plaintiff.

31. Defendants AGUILAR, COSTELLO and the CITY OF CHICAGO, through its employees and agents, arrested Plaintiff without probable cause and placed false charges upon Plaintiff.

32. Defendants AGUILAR, COSTELLO and the CITY OF CHICAGO, through its employees and agents, undertook these actions intentionally and with malice.

33. The actions undertaken by Defendants AGUILAR, COSTELLO and the CITY OF CHICAGO, through its employees and agents, were willful and wanton.

34. On October 16, 2019, the criminal charges against Plaintiff were terminated in his favor in a manner indicative of innocence.

35. As a result of Defendants AGUILAR, COSTELLO and the CITY OF CHICAGO'S, through its employees and agents, misconduct, Plaintiff suffered damages which will be proven at trial.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, attorneys' fees, costs, and such other relief that this Court deems equitable and just.

## COUNT IV
### (Indemnification)
### Against City of Chicago

36. Each of the foregoing paragraphs is incorporated as if fully restated herein.

37. At all relevant times, Defendant CITY OF CHICAGO was the employer of the Defendant COSTELLO and AGUILAR.

38. In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the course and scope of their employment activities.

39. Defendants COSTELLO and AGUILAR committed the alleged acts under the color of law and in the course and scope of their employment with the CITY OF CHICAGO.

40. As a proximate cause of Defendant COSTELLO and AGUILAR'S unlawful acts, which occurred within the course and scope of their employment activities, Plaintiff suffered physical, monetary and emotional injuries.

WHEREFORE, should Defendants AGUILAR and COSTELLO be found liable, Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, attorneys' fees, costs, and such other relief that this Court deems equitable and just.

**PLANTIFF DEMANDS TRIAL BY JURY.**

**DATED**: December 11, 2019                    Respectfully Submitted,

                                                FLOYD CARTER, PLAINTFF

                                        By:   /s/ Julian Johnson
                                                Julian Johnson
                                                Attorney for Plaintiff

Attorney No: 6306259
The Law Office of Julian Johnson, LLC
55 East Monroe Street, Suite 3800

Chicago, Illinois 60603
Phone: 312-487-1711
Fax: 312-300-4029
julian@julianjohnsonlaw.com